Schmeltz, Appellant, v. Christian Youth Camp.

Argued March 19, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert Engel,* with him *Coleman Harrison,* for appellant.

*Robert W. Smith, Jr.,* with him *Edward S. Stiteler,* and *Smith, Best and Horn,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 4, 1963:

The sole question raised on these appeals is whether, prior to the effective date of Rule 1045(b) of the Pennsylvania Rules of Civil Procedure, as amended,[1] judgment on the pleadings may be entered against a party for failure to file a reply to new matter.

A complaint in trespass was filed on July 1, 1960, by John Edward Schmeltz, Sr., against Christian Youth Camp of the Synod of Pittsburgh of the United Presbyterian Church of North America and against its employees to recover damages in both survival and death actions as a result of the drowning of plaintiff's minor son, alleging negligence in the operation and supervision of defendant's summer camp swimming pool. The Christian Youth Camp filed an answer on September 16, 1960, and alleged, under new matter,

---

[1] Rule 1045(b) was amended March 22, 1962, effective April 2, 1962.

that it is a Pennsylvania nonprofit corporation and, as a charitable nonprofit corporation, it is not liable for the negligence of its employees.

Although the answer was endorsed with a notice to plead, no reply was filed by plaintiff. On May 26, 1961, corporate defendant filed a motion for judgment on the pleadings. This was granted on August 10, 1962, and hence these appeals.

Prior to the 1962 amendment to Rule 1045(b), it provided: "(b) All affirmative defenses, including but not limited to those enumerated in Rule 1030, and the defenses of consent, privilege, qualified privilege, fair comment, truth, justification, immunity from suit and impossibility of performance shall be pleaded under the heading 'New Matter'. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. The defense of contributory negligence need not be pleaded."

The 1962 amendment of this rule, effective April 2, 1962, added a new sentence at the end of the rule above quoted, which reads as follows: "A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments other than averments relating to contributory negligence."

Since the pleadings in this action were filed before the amended provision of Rule 1045(b) became effective, the failure to reply to the new matter setting forth the eleemosynary character of the corporate defendant could not be construed as an admission eliminating proof at the time of trial. 2A Anderson, Pennsylvania Civil Practice, section 1045.15, p. 663, makes the following pertinent observation: "The same principles applicable to a defendant failing to file an answer are applicable to the plaintiff failing to file a reply to new matter in the defendant's answer. That is, the plain-

tiff is only required to file a reply in order to deny the three categories of averments which a defendant admits by failing to file an answer.

"The fact that Subdivision (c) refers to a 'defendant' while Subdivision (a) refers to a 'party' failing to file a 'responsive pleading' indicates that. Subdivision (a) applies to any party and is not restricted to a defendant. Had the latter been intended the rule would have provided that 'a defendant' failing to file an 'answer' admitted certain averments. Because of its general terms, the rule in effect provides that a defendant failing to file an answer, a plaintiff failing to file a reply to new matter or a counterclaim and a defendant failing to file a counter-reply to new matter contained in a plaintiff's reply to a defendant's counterclaim are deemed to admit certain averments contained in the pleadings or part of the pleadings to which they are required to plead responsively and to deny all others." (Footnotes omitted.)

The court below, in granting judgment on the pleadings, relied on Rule 1045(a) which provides that "A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed. . . ." We do not construe this subdivision to be applicable to the instant proceedings. While it is true that identity, agency, ownership and instrumentality are admitted by failure to deny, the new matter raised the factual issue of a status or *immunity from liability* as distinguished from the issue of *identity*. As to this issue, prior to the 1962 amendment of subsection (b) of Rule 1045, no responsive pleading had to be filed. In concluding otherwise, the court below erred and its entry of judgment under the instant circumstances must be reversed.

Reversed and remanded.